IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY PARSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 22-cv-02927 |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| NORFOLK SOUTHERN ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Mr. Greg Parsley ("Plaintiff" or "Mr. Parsley") submits the following Complaint for Damages and Equitable Relief against Norfolk Southern Corporation ("Defendant" or "Norfolk Southern") and shows as follows:

1.

This is an employment case arising from Defendant Norfolk Southern's disability discrimination, failure to provide reasonable accommodation, and retaliation. Mr. Parsley is a capable and experienced 14 year veteran of Norfolk Southern, and an individual with disabilities who exercised his rights and sought reasonable accommodation in the form of a leave of absence to receive mental

health treatment. He was fired for pretextual reasons when attempting to return to work in accordance with Norfolk Southern policies and procedures.

2.

Plaintiff asserts claims under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112 et seq. ("ADA"). He seeks back pay and lost economic benefits of his employment, reinstatement or front pay in lieu of reinstatement, compensatory and punitive damages, and reasonable attorney's fees and costs of litigation.

**JURISDICTION AND VENUE**

3.

Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331, § 1343(a) and 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(f)(3)).

4.

Venue is proper under 42 U.S.C. § 2000e-5(f)(3).

**PARTIES**

5.

Mr. Parsley is a citizen of the United States residing in the State of Georgia. At all relevant times, Plaintiff was employed by Norfolk Southern.

6.

Defendant is a private corporation under Georgia law and conducts business throughout the state of Georgia. Defendant may be served by personal service on its registered agent, J. Steven Stewart, 577 Mulberry St 1500, Macon, GA, 31201.

7.

Defendant is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5).

8.

At all times while Plaintiff was employed by Defendant, Norfolk Southern had 25 or more employees.

9.

Plaintiff is an "employee" as defined by the ADA.

10.

Plaintiff is a "qualified individual with a disability" as that term is used and defined by the ADA.

## ADMINISTRATIVE PROCEEDINGS

11.

Plaintiff timely filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff

received the Notice of Right to Sue from the EEOC and has complied with all other conditions precedent to assert his claims under the ADA in this lawsuit.

## FACTS

12.

Mr. Parsley devoted almost 15 years of his career to Norfolk Southern.

13.

Mr. Parsley, a 50-year-old man, began working for Norfolk Southern in May 2007, as a dispatcher trainee. Mr. Parsley worked his way up to a promotion as train dispatcher in 2009.

14.

As a train dispatcher, Mr. Parsley was responsible for directing and coordinating the rail traffic safely on his assigned territory.

15.

Mr. Parsley suffers from major depressive disorder and anxiety.

16.

In October 2019, Mr. Parsley's disabilities worsened and caused his health in general to worsen—his heart rate and blood pressure were elevated, and his disabilities began to affect his major life activities, including but not limited to sleeping and working.

17.

Mr. Parsley requested sick leave to address his major depressive disorder and anxiety, which were exacerbated by harassment and unfair treatment against him after he was successful in a grievance he submitted through his union.

18.

While Mr. Parsley was on leave, he was required by Norfolk Southern and the United States Railroad Association to provide an annual update from his physician as to his medical condition, which he did throughout leave.

19.

Mr. Parsley began leave on October 16, 2019.

20.

Following treatment, Mr. Parsley contacted Norfolk Southern Health Services ("Medical Department") on or about October 8, 2020 to inquire about what documentation was needed to allow him to return to work. Norfolk Southern stated that it needed Mr. Parsley's medical record and a return-to-work letter from his treating physician.

21.

On October 16, 2020, Mr. Parsley contacted his physician's office and requested the required documentation.

22.

On October 23, 2020, Mr. Parsley's treating physician mailed and faxed to Norfolk Southern the requested paperwork, including Mr. Parsley's medical records and a return-to-work letter.

23.

On November 11, 2020, Mr. Parsley, who had not heard from Norfolk Southern about returning to work, contacted Norfolk Southern and requested an update. In response, Norfolk Southern claimed it had not yet received the documents from Mr. Parsley's physician.

24.

Mr. Parsley and his physician called Norfolk Southern on multiple occasions, but never received a call back.

25.

On December 9, 2020, Mr. Parsley's physician resent the requested paperwork, a return-to-work letter, a supplemental physician's statement, and medical records, along with a cover letter that stated "Please accept this fax for URGENT review as the original was both mailed and faxed on October 23, 2020."

26.

On December 21, 2020, Lynn Fulbright, part of Norfolk Southern's Human Resources Department, told Mr. Parsley that the medical records that were sent over were not legible and would not be accepted.

27.

However, the correspondence and return-to-work letter were typewritten, and Mr. Parsley's physician invited Norfolk Southern to contact him with any questions, which it never did.

28.

Instead, Norfolk Southern demanded that Mr. Parsley provide completely new records for a year of his medical history.

29.

On January 8, 2021, Mr. Parsley called Ms. Fulbright and left her a voicemail, but did not receive any communication in response.

30.

On January 29, 2021, Mr. Parsley called Ms. Fulbright and left her a voicemail but did not receive any communication in response.

31.

On February 4, 2021, Mr. Parsley called Ms. Fulbright and left her a voicemail but did not receive any communication in response.

32.

On February 26, 2021, Mr. Parsley called Ms. Fulbright and left her a voicemail but did not receive any communication in response.

33.

On March 8, 2021, Mr. Parsley called Ms. Fulbright and left her a voicemail but did not receive any communication in response.

34.

On March 15, 2021, Mr. Parsley called Ms. Fulbright and left her a voicemail but did not receive any communication in response.

35.

Ms. Fulbright did not communicate with Mr. Parsley after December 2021.

36.

As a result of Norfolk Southern's unjustified delay and false claims that Mr. Parsley had not submitted a return-to-work letter or followed up with the company, Mr. Parsley filed a charge of discrimination against Norfolk Southern with the U.S. Equal Employment Opportunity Commission on March 31, 2021.

37.

On April 21, 2021, Mr. Parsley was informed by his union representative that he was being called to an investigative hearing for allegedly failing to provide a physician's letter stating that he was still under care.

38.

Mr. Parsley learned at the investigate hearing on April 25, 2021 that Norfolk Southern's Operations Superintendent, Mike Tutko, claimed he sent Mr. Parsley a letter requiring a letter to show that Mr. Parsley was still under a doctor's care, but Mr. Parsley never received such a letter, nor any written notice that he was being called to an investigative hearing.

39.

During the hearing, Mr. Parsley was charged with a second false violation of being away from Norfolk Southern on false pretenses. Norfolk Southern accused Mr. Parsley of lying about using sick leave and being under the care of a doctor and failing to provide his medical records to the Medical Department.

40.

Mr. Parsley denied all of these false charges during the hearing and explained why he had not violated any rules.

41.

On July 2, 2021, Mr. Parsley had to attend another hearing for the new charge against him.

42.

This hearing was run by a supervisor who Mr. Parsley had previously reported to the U.S. Equal Employment Opportunity Commission (EEOC) for harassment.

43.

On July 20, 2021, Mr. Parsley was terminated on the basis of the two false charges.

44.

In fact, Mr. Parsley informed his employer of his disability, requested a reasonable accommodation, provided requested return-to-work documentation, and was never told why that information was insufficient.

45.

Norfolk Southern's reasons for Mr. Parsley's termination are pretextual.

46.

Mr. Parsley has suffered emotionally and financially from Norfolk Southern's discriminatory and retaliatory actions.

## COUNT I

### DISABILITY DISCRIMINATION
### IN VIOLATION OF THE ADA

47.

Plaintiff incorporates by reference paragraphs 5 through 46 above as if set forth fully herein.

48.

At all relevant times, Plaintiff Parsley was an individual with a "disability" as defined by the ADA, 42 U.S.C. § 12012(1), because he (a) suffered physical and/or mental impairments that substantially limited one or more major life activities, (b) had a record of such impairments, and/or (c) was regarded by Defendant Norfolk Southern as a person with such impairments.

49.

Plaintiff Parsley was at all relevant times a "qualified individual" as that term is defined by the ADA, 42 U.S.C. § 12111(8), because he was able to perform the essential functions of his job with or without reasonable accommodation.

50.

Norfolk Southern intentionally discriminated against Plaintiff Parsley by subjecting him to adverse employment actions.

11

51.

Norfolk Southern violated Plaintiff Parsley's rights under the ADA, 42 U.S.C. § 12112, by discriminating against him because of his disability.

52.

As a direct and proximate result of Norfolk Southern's intentional discrimination, Plaintiff Parsley has suffered out-of-pocket losses and been deprived of job-related economic benefits, including wage income, retirement benefits, and other benefits, including social security, all in an amount to be established at trial.

53.

Norfolk Southern's actions have caused and will continue to cause Plaintiff Parsley to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

54.

Plaintiff Parsley is entitled to be reinstated to employment by Norfolk Southern, and if reinstatement is not feasible, he is entitled to an award of damages for future lost wages and benefits of employment.

55.

Defendant's actions were undertaken willfully, maliciously, and with the intent to deprive Plaintiff of his federally protected rights, and/or were undertaken

with reckless disregard for his federally protected rights, thereby entitling him to recover punitive damages.

## COUNT II

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

56.

Plaintiff incorporates by reference paragraphs 5 through 46 above as if set forth fully herein.

57.

At all relevant times, Plaintiff Parsley was an individual with a "disability" as defined by the ADA, 42 U.S.C. § 12102(1), because he (a) suffered physical and/or mental impairments that substantially limited one or more major life activities, (b) had a record of such impairments, and/or (c) was regarded by Norfolk Southern as a person with such impairments.

58.

Plaintiff Parsley was at all relevant times a "qualified individual" as that term is defined by the ADA, 42 U.S.C. § 12111(8), because he was able to perform the essential functions of his job with or without reasonable accommodation.

59.

Norfolk Southern discriminated against Plaintiff Parsley by failing and/or refusing to provide him with reasonable accommodation for his disabilities, including, but not limited to, restoring him to work after a leave of absence for medical treatment that successfully treated his disabilities and enabled him to perform the essential functions of his job, and/or denying him reasonable accommodations in the form of modifications or adjustments that would enable him to enjoy equal benefits and privileges of employment as are enjoyed by Norfolk Southern's other similarly situated employees without disabilities, 29 C.F.R. § 1630.2(o)(1)(iii), and instead terminating his employment.

60.

Norfolk Southern violated Plaintiff Parsley's rights under the ADA, 42 U.S.C. § 12112, by discriminating against him because of his disability.

61.

As a direct and proximate result of Norfolk Southern's intentional discrimination, Plaintiff Parsley has suffered out-of-pocket losses and been deprived of job-related economic benefits, including wage income, retirement benefits, and other benefits, including social security, all in an amount to be established at trial.

62.

Norfolk Southern's actions have caused and will continue to cause Plaintiff Parsley to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

63.

Plaintiff Parsley is entitled to be reinstated to employment by Norfolk Southern, and if reinstatement is not feasible, he is entitled to an award of damages for future lost wages and benefits of employment.

64.

Defendant's actions were undertaken willfully, maliciously, and with the intent to deprive Plaintiff of his federally protected rights, and/or were undertaken with reckless disregard for his federally protected rights, thereby entitling him to recover punitive damages.

## COUNT III

### RETALIATION IN VIOLATION OF THE ADA

65.

Plaintiff incorporates by reference paragraphs 5 through 46 above as if set forth fully herein.

66.

At all relevant times, Plaintiff Parsley was an individual with a "disability" as defined by the ADA, 42 U.S.C. § 12102(1) because he (a) suffered physical and/or mental impairments that substantially limited one or more major life activities, (b) had a record of such impairments, and/or (c) was regarded by Norfolk Southern as a person with such impairments.

67.

Plaintiff Parsley was at all relevant times a "qualified individual" as that term is defined by the ADA, 42 U.S.C. § 12111(8), because he was able to perform the essential functions of his job with or without reasonable accommodation.

68.

The ADA prohibits retaliation against individuals who have opposed any act or practice made unlawful by the ADA; because an individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceedings, or hearing under the ADA; and also prohibits the coercion, intimidation, threatening, or interference with any individual in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or attempted to exercise or enjoy, rights under the ADA. 42 U.S.C. § 12203.

69.

Plaintiff Parsley engaged in statutorily protected activity by, among other things, exercising or attempting to exercise or enjoy his rights under the ADA such as requesting and utilizing a leave of absence as a reasonable accommodation for his disabilities.

70.

By taking adverse employment actions against Plaintiff Parsley because he engaged in statutorily protected activity, and by attempting interfere with his exercise and attempt to exercise rights under the ADA, among other things, Norfolk Southern violated the ADA, 42 U.S.C. § 12203.

71.

As a direct and proximate result of Norfolk Southern's unlawful retaliation against Plaintiff Parsley, he has suffered out-of-pocket losses and been deprived of job-related economic benefits, including wage income, retirement benefits, and other benefits, including social security, all in an amount to be established at trial.

72.

Norfolk Southern's actions have caused, continue to cause, and will cause Plaintiff Parsley to suffer damages for emotional distress, mental anguish, loss of

enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

73.

Plaintiff Parsley is entitled to be reinstated to employment by Norfolk Southern, and, if reinstatement is not feasible, he is entitled to an award of damages for future lost wages and benefits of employment.

74.

Defendant's actions were undertaken willfully, maliciously, and with the intent to deprive Plaintiff of his federally protected rights, and/or were undertaken with reckless disregard for his federally protected rights, thereby entitling him to recover punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff pray that this Court take jurisdiction of this matter, honor his demand for a jury trial, and grant the following relief against Norfolk Southern:

A.   A declaration that Norfolk Southern has violated the ADA and with respect to Plaintiff Parsley;

B.   An award of economic damages, including lost wages and benefits and unpaid overtime, for violations of the ADA;

C. An award of non-economic damages for pain and suffering, including emotional distress, for violations of the ADA;

D. An award of punitive damages sufficient to punish and deter Defendant engaging in such violations of law in the future;

E. An award of pre-judgment and post-judgment interest to Plaintiff;

F. An award of attorney's fees and costs to Plaintiff; and

G. Such other and further relief as this Court deems just and proper.

Respectfully submitted this 14th day of October, 2022.

*s/ Brian J. Sutherland*
Brian J. Sutherland
Georgia Bar No. 105408
Grace A. Starling
Georgia Bar No. 464958
*Counsel for Plaintiff*

**HALL & LAMPROS, LLP**
300 Galleria Pkwy SE, Suite 300
Atlanta, GA 30339
E: brian@hallandlampros.com
E: grace@hallandlampros.com
